**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TERRANCE C. HENDERSON,** | ) | **CASE NO. 1:09CV2058** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **RICHARD HALL, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | **ORDER** |

Petitioner, Terrance C. Henderson ("Henderson"), *pro se*, challenges the constitutionality of his conviction in the case of *State v. Henderson*, Ashland County Court of Common Pleas Case No. 06-CRI-130.  Henderson filed his Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on September 3, 2009.  On February 23, 2010, Warden Richard Hall ("Respondent") filed his Answer/Return of Writ.  (Doc. No. 12.)  Henderson filed a Motion for Stay and Abeyance on March 9, 2010.  (Doc. No. 13.)  Respondent filed an opposition brief. (Doc. No. 14.)  Thereafter, Henderson filed a reply brief.  (Doc. No. 15.)  Henderson has not filed a traverse to Respondent's Answer/Return of Writ.  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  Prior to ruling on the Petition, the Court must address Henderson's Motion for Stay and Abeyance.  For reasons set forth in detail below, Henderson's Motion for Stay and Abeyance is DENIED.

## I. Procedural Background

Henderson brings four grounds for relief in his Petition: (1) denial of due process and equal protection of the law due to the state court's denial of access to a transcript of the trial proceedings thereby frustrating his appeal; (2) denial of due process and equal protection of the law stemming from the trial court's failure to suppress evidence obtained in violation of the

Fourth Amendment to the United States Constitution; (3) ineffective assistance of appellate counsel; and (4) denial of due process stemming from the state appellate court's "erroneous interpretation of the facts" when addressing his manifest weight of the evidence argument. (Doc. No. 1.) Respondent contends that Henderson's claims are not cognizable upon federal habeas review, procedurally defaulted, and/or fail on their merits. (Doc. No. 12.)

Henderson's motion to stay and hold these proceedings in abeyance is not based on any of the grounds for relief raised in his habeas petition. Henderson appears to have completed one full round of direct appeals in state court. He also filed of an application to reopen his direct appeal pursuant to Ohio App. R. 26(B), the denial of which he appealed to the Ohio Supreme Court. (Doc. No. 12, Exhs. 11, 12, 16, 18, 22, 23, 27, 29, 31, 32.) After he filed his habeas petition in the case at bar, Henderson, *pro se*, filed a "Motion to Correct Void Sentence" with the trial court. (Doc. No. 12, Exh. 35.) The State of Ohio has opposed the motion, and the trial court has not ruled. (Doc. No. 12, Exh. 36.)

## II. Law and Analysis

In his pending state court motion to correct a void sentence, Henderson argued that his sentence is void due to the trial court's imposition of an additional six-hundred fifty-nine (659) day sentence for violating the conditions of his post-release control stemming from a previous conviction. (Doc. No. 12, Exh. 35.) Henderson initially argued that post-release control was never imposed for his previous convictions, though he appears to concede that, based on the classification of his offenses, post-release control was required. *Id.* Citing solely state law, Henderson argued that his sentences stemming from his other convictions are void. *Id.* Henderson relies primarily on two Ohio Supreme Court decisions. In *State v. Bezak*, 868 N.E.2d 961, 114 Ohio St. 3d 94, 97 (Ohio 2007), the court held that "when a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, as required by former R.C. 2929.19(B)(3), the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing." Furthermore, "[t]he trial court must resentence the offender as if there had been no original sentence." *Id.* In *State v. Simpkins*, 884 N.E.2d 568, 117 Ohio St. 3d 420, 425 (Ohio 2008), the court clarified that "a trial court's jurisdiction over a

2

criminal case is limited after it renders judgment, but it retains jurisdiction to correct a void sentence and is authorized to do so." Consequently, Henderson asserts that he could not properly have been sanctioned for violating the terms of post release control that were never imposed and/or the sentences in his prior convictions cases were void. As such, Henderson believes, his sentence in the case at bar is also void. In his reply to the state's brief in opposition, Henderson concedes that he was sentenced to post release control in his prior cases, but argues that the time period should not have been five years because his offenses provided for a maximum of three years.[1] (Doc. No. 12, Exh. 17.)

The question before this Court is whether it is appropriate to stay Henderson's petition while the state court addresses his aforementioned claim. The Sixth Circuit, relying on the Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005), has held that stay and abeyance "should only be available in instances where the petitioner can: 1) show good cause for failing to present the claims before the state court in the first instance, and 2) show that his unexhausted claims are not 'plainly meritless.'" *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). However, even if the first two conditions are satisfied, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Rhines*, 544 U.S. at 277-78.

Though the two decisions of the Ohio Supreme Court upon which Henderson relies were not decided until after his conviction, it is questionable whether Henderson had good cause for failing to present his claims on direct appeal. As noted by the Ohio Supreme Court in *Simpkins*, it had consistently held that "a sentence that does not contain a statutorily mandated term is a void sentence" running back to 1984 and the decision in *State v. Beasley*, 14 Ohio St.3d 74, 471

---

[1] The State of Ohio argued that the trial courts properly notified Henderson that he faced up to three years of post release control. (Doc. No. 12, Exh. 36.) The State concedes that the trial court incorrectly noted that Henderson was subject to five years of post release control, but the court only imposed three years after Henderson was released from prison. *Id*. It is unclear from the record before this Court when Henderson was released from prison and whether the three year term of post release control was still in effect at the time Henderson was found in possession of marijuana. However, these issues are reserved for the state court to decide.

N.E.2d 774 (Ohio 1984).  As such, Henderson could have raised his argument on direct appeal.

More importantly, however, is the fact that Henderson's pending state court motion does not contain a claim that is also found in his habeas petition.  None of Henderson's grounds for habeas relief challenge his sentence.  Instead, they challenge either the admission of evidence during his trial or allege irregularities in the appellate process unrelated to his sentence. Furthermore, Henderson's pending motion is based exclusively on state law and does not contain any argument based on federal law.  As a federal court reviewing a petition for habeas corpus is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States, his claim would not be cognizable.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law.")  Thus, Henderson's motion in state court is plainly meritless as far as habeas claims are concerned and, therefore, in deciding whether a stay is appropriate.  Whether Henderson's claim presents a valid issue under state law is beyond this Court's purview.  While Henderson argues that it is in the interest of judicial economy to stay his pending motion, the Court disagrees.  Assuming *arguendo* that Henderson prevails in state court on his unexhausted claim, his remedy would be a remand to state court for resentencing.  As Henderson has not challenged his sentence in his petition, there is no reason to delay considering the merits of his habeas petition.

The Court hereby DENIES Henderson's Motion for Stay and Abeyance.

The Court points out that this Order does not in any way limit Henderson's ability to immediately pursue any state court remedies that may be available to him independent of his habeas petition.

IT IS SO ORDERED.

s/ Greg White
United States Magistrate Judge

Dated:  April 29, 2010

4