**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **TERRANCE C. HENDERSON,** ) | **CASE NO. 1:09CV2058** |
| ) | |
| **Petitioner,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | **MAGISTRATE JUDGE GREG WHITE** |
| ) | |
| **RICHARD HALL, Warden,** ) | |
| ) | |
| **Respondent.** ) | **REPORT & RECOMMENDATION** |

Petitioner, Terrance C. Henderson ("Henderson"), *pro se*, challenges the constitutionality of his conviction in the case of *State v. Henderson*, Ashland County Court of Common Pleas Case No. 06-CRI-130. Henderson filed his Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on September 3, 2009. On February 23, 2010, Warden Richard Hall ("Respondent") filed his Answer/Return of Writ. (Doc. No. 12.) Henderson filed a Motion for Stay and Abeyance on March 9, 2010, which the Court denied on April 29, 2010. (Doc. Nos. 13 & 16.) A day later, Henderson filed a Motion For Leave to Dismiss Without Prejudice. (Doc. No. 17.) Respondent filed a brief opposing dismissal without prejudice. (Doc. No. 18.) Henderson has not filed a traverse to Respondent's Answer/Return of Writ. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.

### I. Procedural Background

Henderson brings four grounds for relief in his Petition: (1) denial of due process and equal protection of the law due to the state court frustrating his appeal by not allowing access to a transcript of the trial; (2) denial of due process and equal protection of the law stemming from

the trial court's failure to suppress evidence obtained in violation of the Fourth Amendment to the United States Constitution; (3) ineffective assistance of appellate counsel; and (4) denial of due process stemming from the state appellate court's "erroneous interpretation of the facts" when addressing his manifest weight of the evidence argument. (Doc. No. 1.) Respondent contends that Henderson's claims are not cognizable upon federal habeas review, procedurally defaulted, and/or fail on their merits. (Doc. No. 12.)

Henderson's motion to stay and hold these proceedings in abeyance was not based on any of the grounds for relief raised in his habeas petition. Henderson appears to have completed one full round of direct appeals in state court. He also filed an application to reopen his direct appeal pursuant to Ohio App. R. 26(B), the denial of which he appealed to the Ohio Supreme Court. (Doc. No. 12, Exhs. 11, 12, 16, 18, 22, 23, 27, 29, 31, 32.) After he filed his habeas petition in the case at bar, Henderson, *pro se*, filed a "Motion to Correct Void Sentence" with the trial court. (Doc. No. 12, Exh. 35.) The State of Ohio opposed the motion. (Doc. No. 12, Exh. 36.) Though neither party has filed an update with the court, the Ashland County court's online docket indicates that the trial court overruled this motion on April 27, 2010.[1]

As explained in greater detail in this Court's previous order denying a stay and abeyance, Henderson, in his motion to correct a void sentence, argued that his sentence was void due to the trial court's imposition of an additional six-hundred fifty-nine (659) days for violating the conditions of his post-release control stemming from a previous conviction. (Doc. No. 12, Exh. 35.) The Court denied Henderson's motion to stay primarily because: (1) Henderson's pending state court motion did not contain a claim that was also found in his habeas petition; (2) it was based exclusively on state law; and (3) even if Henderson had prevailed, his remedy would have been a remand to state court for resentencing which would have had no effect on the underlying

---

[1] It appears that on May 18, 2010, Henderson filed a Notice of Appeal. *See* www.ashlandcountycpcourt.org

convictions he challenges in his habeas petition.[2] (Doc. No. 16.)

## II. Law and Analysis

Henderson now seeks leave to dismiss his petition without prejudice pursuant to Federal Rule of Civil Procedure 41. (Doc. No. 17.) The reasons proffered for the dismissal are the same assumptions contained in Henderson's rejected motion for a stay and abeyance. Namely, Henderson believes that a favorable outcome in state court would render his petition moot.

Pursuant to Rule 12 of the Rules Governing § 2254, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Federal Rule of Civil Procedure 41(a)(2), "the civil procedure rule governing voluntary dismissals, applies to federal habeas proceedings." *See, e.g., Ortega v. Trombley*, 2007 U.S. Dist. LEXIS 17343 (E.D. Mich. Mar. 13, 2007).

As Respondent already has filed an Answer in this matter, Henderson may only dismiss this matter without prejudice by a court order. FED. R. CIV. P. 41(a)(2). "[T]he intendment of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side ...." *Alamance Industries, Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961). Respondent argues that he would be prejudiced by a dismissal without prejudice because he had already filed an Answer/Return of Writ, while expending time, effort, and expense to obtain state records and transcripts. (Doc. No. 18.)

> What suffices to require a court to exercise its discretion to deny the motion, or to dismiss with prejudice, has been variously described as harm "manifestly prejudicial to the defendant," *Southern Maryland Agricultural Association of Prince George's County v. United States*, 16 F.R.D. 100, 101 (D. Md. 1954); "substantial legal prejudice" to defendant, *Kennedy v. State Farm Mutual Automobile Insurance Company*, 46 F.R.D. 12, 14 (E.D. Ark. 1969); and the loss of any "substantial right," *Durham v. Florida East Coast Railway Company*, *supra*, 385 F.2d at 368. The question is whether the granting of plaintiff's motion "infringes the legal or equitable rights of the defendant as shown by the circumstances and facts conceded or undisputed." *Home Owners' Loan*

---

[2] Unlike his motion to correct a void sentence, Henderson's habeas petition does not challenge his sentence.

3

> *Corporation v. Huffman*, *supra*, 134 F.2d at 318. "When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." *LeCompte v. Mr. Chip, Inc.*, *supra*, 528 F.2d at 603. The task for the Court then is to determine how the defendants in this action would be affected by a dismissal without prejudice.

*B & J Mfg. Co. v. D.A. Frost Industries, Inc*., 106 F.R.D. 351, 352 (N.D. Ohio 1985) (*quoting Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119-20 (N.D. Ga. 1980)).

Here, while Respondent would potentially suffer some prejudice from having to deal with a renewed petition in the future, this prejudice does not constitute plain legal prejudice. The prospect of defending a second lawsuit on identical issues is insufficient reason to deny a motion to dismiss. *See, e.g., Wakefield v. Children's Hosp., Inc.*, 2009 U.S. Dist. LEXIS 22567, 6-7 (S.D. Ohio Mar. 6, 2009) (citations omitted). Courts have also rejected the argument that the effort and expense involved in defending a lawsuit is sufficient. *Id*. (*citing B & J Mfg.*, 106 F.R.D. at 352). Respondents have filed an Answer/Return of Writ and compiled supporting documents to oppose Henderson's petition. While having to repeat this effort may result in a modicum of prejudice, the prejudice to Respondent alone is insufficient to warrant a denial of Henderson's motion.

Nonetheless, while Rule 41(a)(2) exists primarily to benefit defendants, "in determining whether or not a habeas petitioner is entitled to voluntarily dismiss his habeas petition without prejudice, federal courts must 'ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law.'" *Ortega v. Trombley*, 2007 U.S. Dist. LEXIS 17343 at *3 (*quoting Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993)).

Henderson's motion to dismiss, if granted, could possibly result in the expiration of the statute of limitations and foreclose any opportunity to have this Court review the grounds for relief raised in his petition. This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period

4

>   shall run from the latest of–
>
>>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

Henderson's judgment became final on June 2, 2009 when the time for seeking a *writ of certiorari* expired. Henderson's appeal of his Ohio App. R. 26(B) application was denied by the Ohio Supreme Court the following day on June 3, 2009. (Doc. No. 12, Exh. 34.) As such, he was entitled to one day of tolling. Thus, absent any other statutory tolling due to properly filed applications for post-conviction or other collateral review, the statute of limitations expired on June 3, 2010. Although Henderson may be entitled to additional tolling based on his motion to correct a void sentence, it is unclear whether said motion constitutes a "properly filed' application withing the meaning of the AEDPA. The trial court's reasons for overruling the motion, whether substantive or procedural, are not known. If that motion was not properly filed and Henderson's motion to dismiss is granted, a renewed petition would be time-barred. However, Henderson appears to be fully cognizant of this possibility. In his motion to dismiss, Henderson argues that Respondent would not be prejudiced by a dismissal without prejudice because "if the state courts consider the current sentencing order final, a succeeding petition will not meet the statute of limitations time and dismissal will be required." (Doc. No. 17.) As such, Henderson cannot be said to have unwittingly fallen into a procedural trap.

### III. Conclusion

As Respondent will not suffer plain legal prejudice and Henderson readily acknowledges that he may be time-barred from renewing his claims at a later date, the undersigned recommends that Henderson's Motion For Leave to Dismiss Without Prejudice (Doc. No. 17) be GRANTED.


s/ Greg White
United States Magistrate Judge

Dated: June 4, 2010

### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**